IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| KENNETH J. WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 106-167 |
| ) | |
| RICHMOND COUNTY SHERIFF'S ) | |
| OFFICE, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at the Charles B. Webster Detention Center in Augusta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). As Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e) & 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names as Defendants (1) the Richmond County Sheriff's Office; (2) Investigator Brian Valee; (3) Investigator Cecil Ridley; (4) Investigator Larry Bracken; (5) Sergeant Rollins; (6) The Honorable J. Carlisle Overstreet, Superior Court Judge; (7) the District Attorney's Office; and (8) Attorney Richard Ingram. (Doc. no. 1, pp. 1, 4).

In his complaint, Plaintiff argues that Defendants violated his constitutional right to due process under the Fourth, Sixth, and Fourteenth Amendments. (Id. at 14). Specifically, he alleges that on March 9, 2006, he was pulled over by Defendant Bracken and other officers about a half a mile from a residence located at 2926 Dahlia Drive. (Id. at 6). As the officers approached his vehicle, they observed a bag of marijuana in the front seat, and Defendant was arrested. (Id. at 7). Plaintiff states that Defendants Bracken, Vallee, and Ridley alleged that a confidential informant relayed to the officers that Plaintiff was in possession of cocaine and marijuana at his aunt's residence located at 2926 Dahlia Drive and that Plaintiff was presently driving a red and black Chevrolet Suburban. (Id.). The officers claimed that they observed Plaintiff leaving 2926 Dahlia Drive with a bag in his hand, and this led to the subsequent stop and arrest of Plaintiff. (Id.).

Plaintiff states that the officers threatened him and pressured him into signing a waiver of counsel and consenting to a search of the residence located at 2926 Dahlia Drive. (Id. at 8). Plaintiff states that the officers utilized keys recovered from Plaintiff during the stop to open a car trunk in the backyard of 2926 Dahlia Drive, where they allegedly recovered more drugs. (Id.).

2

Plaintiff states that the officers then requested that Plaintiff accompany them to his residence at 2357 Lumpkin Road, Augusta, Georgia. (Id. at 9). At Plaintiff's residence, the officers recovered money from his safe. (Id.). Plaintiff alleges that the money, which was used as evidence against him, was actually saved earnings and that the officers took almost double the amount actually entered into evidence. (Id.).

Plaintiff concludes that the investigatory stop was questionable because the officers never had a warrant, only an allegedly reliable informant who never provided any type written statement. (Id. at 10). Plaintiff alleges that his attorney never addressed these issues or other issues Plaintiff feels should have been addressed. (Id. at 10-11). Plaintiff further states that the Judge and the District Attorney had a duty to assure that proper motions challenging the State's evidence were filed. (Id. at 11-12). Because proper motions challenging this evidence were not filed, Plaintiff concludes these officers of the court entered into a conspiracy against him. (Id. at 12). Plaintiff requests that he be released and that the Court hold a hearing to address these issues. (Id. at 13). Plaintiff also "wishes to prosecute under due process," and requests that this Court appoint him counsel. (Id. at 13, 14).

## II. DISCUSSION

**A.   Relief Sought Is Not Properly Brought In § 1983 Action**

As evidenced by the fact that Plaintiff seeks as relief in this case release from custody and a hearing to raise motions that allegedly should have been raised in pre-trial proceedings in his criminal case, Plaintiff is challenging the legality of his criminal conviction in an action brought pursuant to § 1983, which is improper, and is seeking relief that can only be

3

obtained in a habeas corpus action. A writ of habeas corpus is the only remedy available for state prisoners attacking the validity of their conviction or the length of their confinement. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (noting that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under § 1983).

Also, Plaintiff requests that he be allowed to "prosecute under due process" and, presumably, obtain monetary damages for the alleged violations which resulted in his arrest and subsequent conviction. However, a claim for monetary damages that challenges the terms of Plaintiff's sentence is not cognizable under § 1983 unless Plaintiff "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Because the invalidity of Plaintiff's conviction or sentence has not been proven by one of these methods, this claim for monetary damages is not properly brought in a § 1983 action at the present time.

Furthermore, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) (explaining that the exhaustion doctrine, first announced in Ex parte Royall, 117 U.S. 241 (1886), is now codified at 28 U.S.C. § 2254(b)(1)). Thus, even if the Court were to construe Plaintiff's complaint as a petition for a writ of habeas corpus, Plaintiff has not alleged exhaustion of state court remedies, and his petition would be subject to dismissal.

4

**B.     The Richmond County Sheriff's Office and the District Attorney's Office**

In the caption of his complaint, Plaintiff lists the Richmond County Sheriff's Office and the District Attorney's Office as Defendants. However, Plaintiff must sue the individuals personally involved in the wrongs he alleges, or set forth facts which demonstrate that the execution of the municipality's policy or custom inflicted the injury complained of. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1307 (11th Cir. 2001). Plaintiff has not identified any county policy or custom which led to a violation of Plaintiff's constitutional rights. Even so, as explained above, Plaintiff seeks relief that can only be obtained through a habeas corpus action and is not properly sought in a § 1983 action. As such, to order Plaintiff to amend his complaint to correct this deficiency would be futile. See Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004) (explaining that leave to amend should be freely given, but is properly denied when any amendment would be futile).

**C.     Judge and Attorneys**

Further, even if the Court were to consider Plaintiff's claims, Judge Overstreet would be entitled to absolute immunity. It is well-settled that judicial officers are entitled to absolute immunity from suit for actions taken that are within their jurisdictional power to perform. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1979) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'" (footnote omitted)). Thus, the Court must determine whether Judge Overstreet was dealing with Plaintiff in a judicial capacity and whether the Judge's conduct clearly fell outside his subject matter jurisdiction. See id. at

5

359-64. Here, Plaintiff alleges that Judge Overstreet violated Plaintiff's constitutional rights by failing to question Plaintiff's attorney as to why he did not challenge the investigatory stop or any other evidence presented. A judge may not instruct counsel as to which pieces of evidence should be challenged and, because Plaintiff has not identified any acts performed by Judge Overstreet which are not within a judge's judicial authority, this Defendant would be entitled to absolute immunity.

Additionally, Defendant Ingram would likewise be subject to dismissal from the case. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law.*" West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added). Public defenders who have been appointed to represent criminal defendants do not act "under color of state law" when performing their duties. See Polk County, 454 U.S. 312, 317 n.4 (1981) (holding that public defenders do not act under color of state law "when performing the traditional functions of counsel to a criminal defendant"); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (*per curiam*). Whether Plaintiff retained Defendant Ingram as his counsel, or he was provided to Plaintiff as court-appointed counsel, the allegations against Defendant Ingram only pertain to his traditional duties as counsel in Plaintiff's criminal case, and therefore, he was not acting under color of state law. Accordingly, Defendant Ingram would be subject be dismissal from the case.

### D. Appointment of Counsel

Plaintiff also requests that counsel be appointed on his behalf. As a general rule, there is no entitlement to appointed counsel in a civil rights case, such as this one, brought pursuant to 42 U.S.C. § 1983. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Dean, 951 F.2d at 1216. Here, Plaintiff fails to show that exceptional circumstances exist (e.g., that he brings a meritable claim of such complexity that counsel would materially assist in its presentation) to justify the appointment of counsel. See Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996).

This is ostensibly a § 1983 action in which Plaintiff has requested relief that can only be obtained in a habeas corpus proceeding; thus, Plaintiff is not entitled to relief in this case. Further, based on Plaintiff's filings with the Court to date, it is evident that he is able to clearly and succinctly communicate with the Court. Accordingly, Plaintiff's motion for the appointment of counsel should be denied. Should it become apparent later in the proceedings that counsel should be appointed, after due consideration of the complexity of the issues raised or their novelty, see Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), the Court will entertain this motion again at the appropriate time.[2]

---

[2] Likewise, Plaintiff would also not be entitled to the appointment of counsel in a habeas corpus action. Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979) (noting that it is well settled that "[i]n a habeas corpus action in federal court[,] there is no requirement that counsel be appointed unless appointment of counsel is necessary to due process." (citations omitted)).

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request for the appointment of counsel be **DENIED** and that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

SO REPORTED and RECOMMENDED this 26th day of January, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE